JAMES ZOLLER, RESPONDENT, *v.* LEVI C. SMITH AND CLAYTON WHEELOCK, APPELLANTS.

*Costs on appeal in Justices' Courts — when neither party is entitled to them.*

On October 29, 1885, the plaintiff recovered in a Justice's Court a judgment for $100 damages and ten dollars costs, from which the defendant appealed November 17, 1885, asking for a retrial, which was had in May, 1886, resulting in a verdict of twelve dollars for the plaintiff. Within fifteen days after the service of the notice of appeal the plaintiff duly served upon the defend-

ants a written offer to allow judgment to be rendered in the appellate court in ·his favor for fifty dollars, which the defendants did not accept, nor did they serve any offer on their part.

*Held,* that neither party was entitled to costs.

APPEAL from an order made by the county judge of Herkimer county, reversing a taxation of costs made by the county clerk of said county.

October 29, 1885, the plaintiff recovered in a Justice's Court a judgment for a sum of money only ($100 damages and ten dollars costs), from which the defendants appealed November 17, 1885, asking for a retrial, which was had in May, 1886, resulting in a verdict of twelve dollars for the plaintiff. Within fifteen days after service of the notice of appeal, the plaintiff duly served upon the defendants a written offer to allow judgment to be rendered in the appellate court in his favor for fifty dollars, which the defendants did not accept, nor did they serve any offer on their part.

After the verdict in the County Court the clerk taxed the defendants' costs at eighty-two dollars and fifty cents, deducted plaintiff's verdict for twelve dollars and entered a judgment for defendants for seventy dollars and fifty cents. Upon plaintiff's motion the County Court vacated the taxation of costs and the judgment, holding that neither party was entitled to costs and directed the clerk to enter a judgment for the plaintiff for the amount of the verdict, which was done. From this order the defendants appeal.

*Smith & Steele* for the appellants.

*J. B. Rafter*, for the responaent.

FOLLETT, J. :

The appeal book does not show when the return was filed, but in the absence of evidence, we must presume that the justice followed section 3053 of the Code of Civil Procedure, and filed the return " after ten, and within thirty days from the service of the notice of appeal."

Section 3072 provides that : " Either party may, at any time after the action is deemed at issue in the appellate court, and before the trial, serve upon the adverse party, a written offer to allow judgment to be taken against him, for a sum or property, or to the effect

therein specified, with or without costs." Section 3071 provides that : "After the expiration of ten days from the time of filing the justice's return, the action is deemed an action at issue in the appellate court." An offer under section 3072 should state whether the judgment is offered, "with or without costs," while an offer served under section 3070 is to be silent in respect to costs. This offer is silent in respect to costs, and was "served within fifteen days after service of the notice of appeal," and before "the action is deemed at issue in the appellate court," and does not fall within section 3072, but within section 3070, which controls the question, which party, if either, is entitled to costs.

Section 3070 (as amended in 1885), provides that : "Upon an appeal * * * from a judgment for a sum of money only, either party may, within fifteen days after service of the notice of appeal, serve upon the adverse party * * * a written offer to allow judgment to be rendered in the appellate court, in favor of either party, for a specified sum." This the plaintiff did, offering to reduce his judgment from $100 to fifty dollars. This section further provides : " If the party, within ten days after service of the offer upon him, serves upon the party making the same * * * written notice that he accepts the offer, he must file it, with an affidavit of service of the notice of acceptance, with the clerk of the appellate court, who thereupon must enter judgment accordingly." This the defendants did not do, nor did they make an offer.

The section further provides : " Where an offer is made as above provided, the party refusing to accept the same shall be liable for costs of the appeal, unless the recovery shall be more favorable to him than the sum offered." The defendants refused to accept the offer ; but the recovery being more favorable to them than the sum offered, they are not liable for costs to the plaintiff. It is clear that the plaintiff is not entitled to recover costs of the defendants.

The section further provides : " If neither party make an offer, as provided herein, the party in whose favor the verdict, report or decision in the appellate court is given, shall be entitled to recover his costs upon the appeal." This paragraph has no application to the case before the court because one party, the plaintiff, made an offer.

It may be that the legislature intended that the paragraph of the section which concludes with the words " than the sum offered,"

should read, "in which case he shall recover costs," but neither such words, or equivalent words are in the section; and we are unable to find any authority for taxing costs in favor of the defendants. The defendants are not entitled to costs under section 3229, by reason of the plaintiff not being entitled to costs under section 3228.

I. The costs in actions appealed from Justice's Courts to and re-tried in County Courts are provided for by article 3, title 8, of chapter 19, sections 3070–3073, of the Code of Civil Procedure. Sections 3228 and 3229 are in article 1, title 1, of chapter 21, which regulates the recovery of costs in actions originating in the Supreme, Superior, County and Marine (now City) Courts. By reading the sections embraced within titles 1, 2 and 3, it becomes apparent, upon their face, that they are wholly inapplicable to actions begun in Justices' Courts, appealed to and retried in County Courts.

The last sentence of subdivision 4 of section 3228 provides : " But the plaintiff is not entitled to costs under this subdivision, unless he recovers the sum of fifty dollars or more." This is not only inapplicable to actions retried in the County Court, but is wholly inconsistent with the sections regulating costs in such actions ; because a plaintiff may recover costs in an action retried in the County Court, though he recover less than fifty dollars. Section 3230, provides: " Except as prescribed in the last two sections, the court may, in its discretion, award costs to any party, upon the rendering of a final judgment." It has never been supposed that this section is applicable to actions retried in the County Court. Many other provisions of the sections of titles 1, 2 and 3, might be cited, which are as hostile to the idea that these titles are applicable to re-trials in County Courts as are the provisions above cited.

Subdivision 13 of section 3347, provides : " In chapter twenty-first, titles first, second and third, apply only to an action in one of the courts specified in subdivision fourth of this section." Subdivision 4 provides : " The remainder of chapter fifth, and the whole of chapter sixth, apply only to an action commenced, on or after the 1st day of September, 1877, in the Supreme Court, a Superior City Court, the Marine (now City) Court of the city of New York, or a County Court." By reading the third, fourth and thirteenth subdivisions of section 3347 together, it is apparent that the term

"action commenced" in the fourth subdivision, and the term "action in" in the thirteenth subdivision, mean action begun, or originating in the courts enumerated in the fourth subdivision.

II. If titles 1, 2 and 3, of chapter 21, are applicable to appeals for retrials in County Courts, still sections 3228 and 3229 are made inapplicable by section 3237, which provides : "The foregoing sections (secs. 3228–3237), of this article do not affect the recovery of costs upon an appeal."

The case before us is evidently one which the law-making power has omitted to provide for; but this court cannot supply the omission, and the order must be affirmed, with ten dollars costs and disbursements.

HARDIN, P. J., and BOARDMAN, J., concurred.

Order affirmed, with ten dollars costs and disbursements.